UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KRINA DOURAMANIS,                                  Civil Case No:
                                                   1:20-cv-5825
                Plaintiff,

       -against-                                   **COMPLAINT**

DUR-AMERICA BROKERAGE INC., and
GEORGE DOURAMANIS, individually,                   PLAINTIFF DEMANDS
                                                   A TRIAL BY JURY
                Defendants.
------------------------------------------------------------------------X

      Plaintiff, KRINA DOURAMANIS (hereinafter referred to as "Plaintiff"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants DUR-AMERICA BROKERAGE, INC. (hereinafter referred to as "DURAMERICA"), and GEORGE DOURAMANIS (hereinafter referred to as "GEORGE") (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF THE CASE

1.      Plaintiff complains of Defendants pursuant to Title VII of the Civil Rights Act of 1964 a codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), as amended, the Family Medical Leave Act of 1993, as amended, ("FMLA"), and to remedy violations of the laws of the State of New York and the New York City Administrative Code ("NYCHRL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff suffered as a result of, *inter alia*,

disability discrimination, sex/gender discrimination, together with a hostile work environment, retaliation, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII, FMLA and the ADA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This action involves questions of Federal law.

3. Additionally, this Court has supplemental jurisdiction under the State and City causes of action asserted herein.

4. On or about June 14, 2019, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC").

5. On or about December 12, 2019, the EEOC dual-filed Plaintiff's Charge with the New York State Division of Human Rights ("NYSDHR").

6. On or about January 15, 2020, Plaintiff received an Order granting Dismissal for Administrative Convenience.

7. On or about April 28, 2020, Plaintiff received a Right to Sue Letter from the U.S. Equal Employment Opportunity Commission.

8. Plaintiff satisfied all administrative prerequisites and has filed this case within ninety (90) days of receiving the Right to Sue Letter.

9. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

10. At all times material, Plaintiff is an individual female who is a resident of the State of New

York, County of Queens.

11. At all times material, Defendant DURAMERICA is a domestic business corporation duly existing by the virtues and laws of the State of New York that does business in the State of New York.

12. At all times material, DURAMERICA is a family-owned insurance agency founded in 1996 by Plaintiff's father.

13. At all times material, Defendant DURAMERICA employed Plaintiff as a Vice President and Senior Underwriter.

14. Defendant DURAMERICA hired Plaintiff in or around 1999.

15. At all times material, Defendant GEORGE is Plaintiff's older brother, as well as the President and Owner of Defendant DURAMERICA.

16. At all times material, GEORGE held supervisory authority over Plaintiff's employment.

## MATERIAL FACTS

17. In or around 2017, Plaintiff gave birth and took maternity leave. Plaintiff informed Defendants that she intended to have another child in the near future.

18. Defendants' office is located directly above a cabinet manufacturer. The manufacturing process involved the use of several chemicals, and these chemical fumes regularly fill Defendants' office space.

19. As a result, in or around December 2017, Plaintiff retained an environmental safety specialist to conduct and evaluation of the air quality in Defendants' office.

20. The specialist's report concluded that the air quality in Defendants' office was not a safe environmental condition for Defendants' employees. Plaintiff shared the report and findings with Defendant GEORGE.

21. In or around February 2018, Plaintiff was diagnosed with Multiple Sclerosis ("MS").

22. MS is a potentially disabling disease of the brain and spinal cord (central nervous system). With MS, the immune system attacks the protective sheath (myelin) that covers nerve fibers and causes communication problems between an individual's brain and the rest of their body. Eventually, the disease can cause permanent damage or deterioration of the nerves.

23. MS qualifies as a disability under the Americans with Disabilities Act ("ADA").

24. As a result of Plaintiff's diagnosis, Plaintiff took a leave of absence from Defendants to seek medical attention.

25. During the course of her treatment, Plaintiff discussed her desire to have another child with her doctor. Plaintiff's doctor informed Plaintiff that if she were to become pregnant again it would actually force her MS into remission.

26. In or around April 2018, Plaintiff informed GEORGE that she was ready to return to work.

27. However, as a result of the air quality report and unsafe environmental conditions at Defendants' office, Plaintiff informed GEORGE that her doctor instructed Plaintiff to work remotely.

28. In or around May 2018, Plaintiff returned to work at a remote shared office space a few blocks from DURAMERICA's office in Long Island City, Queens.

29. Upon Plaintiff's return to work, Defendants exhibited a pattern and practice of discriminatory and retaliatory behavior toward Plaintiff.

30. In or around May 2018, GEORGE instructed Plaintiff to rent space nearby.

31. Plaintiff presented GEORGE with the cost of renting the additional space and GEORGE informed Plaintiff that the expenditure would be approved by DURAMERICA.

32. As a result, Plaintiff signed a lease for a fixed period of time.

33. However, shortly thereafter, GEORGE informed Plaintiff that DURAMERICA would not cover the cost of the office rental, and asked Plaintiff how she planned to afford the additional space.

34. Moreover, Plaintiff informed GEORGE that she planned to meet with her two assistants in the newly rented space for work-related meetings. To Plaintiff's surprise, GEORGE instructed Plaintiff's assistant that no DURAMERICA employees were permitted to assist Plaintiff in the rental space and reiterated that if Plaintiff continued to work remotely, she would be responsible for any and all costs.

35. Defendants retaliated against Plaintiff for taking medical leave and requesting a reasonable accommodation on the basis of her disability.

36. Plaintiff was stunned, as she had already committed to the rental with the understanding that DURAMERICA would cover the rental costs.

37. Shortly thereafter, in or around June 2018, GEORGE informed Plaintiff that DURAMERICA was relocating to a new office in Manhattan on the basis of the environmental report indicating that the air quality was not suitable.

38. In or around June 2018, GEORGE requested a meeting with Plaintiff. During their meeting, GEORGE informed Plaintiff that he did not want her working at DURAMERICA anymore. GEORGE instructed Plaintiff to take another leave of absence, go on vacation, and when she returned from vacation that she should not return to work.

39. Plaintiff was appalled that her supervisor (who also happens to be her brother) would act in such a callous and heartless manner. Plaintiff begged GEORGE, "You know what me and my family are going through, I need you to stand by me."

40. GEORGE stated, "Listen, you have three options, right. Basically, you either do something

else, or you're not at the office, or you're not working at all and you're staying home."

41.     Defendants discriminated against Plaintiff on the basis of her disability.

42.     Defendants subjected Plaintiff to a hostile work environment on the basis of her disability.

43.     Furthermore, in or around June 2018 Plaintiff informed GEORGE that she intended to become pregnant and force her MS into remission. GEORGE spoke with Plaintiff's husband and stated, "She is not going to be able to function in the same capacity as she was because of the MS."

44.     Plaintiff explicitly stated to GEORGE, "I have no intention of going my own way. I have an intention of working."

45.     In or around July 2018, Plaintiff asked GEORGE if he planned to terminate her employment. GEORGE did not provide Plaintiff with an answer and continued to push Plaintiff to take an extended vacation. However, GEORGE informed Plaintiff that he was reducing her salary.

46.     Defendants retaliated against Plaintiff for engaging in protected activity,

47.     Moreover, in or around July 2018, GEORGE stated to Plaintiff's husband (GEORGE's brother in-law), "She should stay home - she's a woman, she needs to take care of children."

48.     In addition, GEORGE stated, "I've been supporting her now for two years because of the pregnancy and all that stuff. There's another pregnancy coming, how much longer do I have to support her?" Plus, "She's going to get pregnant; she's going to go back and forth to doctors, she's going to need time off because MS is definitely going to affect her during that period. Then she's going to give birth, hopefully she doesn't get another fucking attack. In my opinion, she should put the second kid on hold."

49.     Defendants discriminated against Plaintiff on the basis of her sex/gender.

50.     Plaintiff began suffering from severe depression. Plaintiff pleaded with GEORGE, "You made me a vegetable before I am one."

51. In or around September 2018, Plaintiff spoke with GEORGE regarding the importance of maintaining her employment.

52. Ultimately, despite Plaintiff's intention/ability to return to work, GEORGE made it explicitly clear to Plaintiff that he did not feel that she was able to return to work and took it upon himself to make the decision for Plaintiff.

53. In or around September 2018, DURAMERICA unlawfully terminated Plaintiff on the basis of her disability and in retaliation for her engaging in protected activity.

54. At the time of Plaintiff's unlawful termination, Plaintiff's annual compensation was approximately ONE HUNDRED THIRTY-SEVEN THOUSAND DOLLARS ($137,000).

55. Defendants' proffered reasons are merely pretextual.

56. As a result of Defendants' actions, Plaintiff felt extremely degraded, victimized, dehumanized, and emotionally distressed.

57. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continued to suffer severe emotional distress.

58. As a result of Defendants' unlawful and discriminatory conduct, Plaintiff has endured unwarranted financial hardship.

59. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

60. Plaintiff claims constructive and/or actual discharge and also seeks reinstatement.

61. Plaintiff claims a continuous practice of discrimination and claims a continuing violation

and makes all claims herein under the continuing violations doctrine.

62. Plaintiff claims alternatively that she is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

63. As a result of Defendants' actions, Plaintiff claims further aggravation, activation, and/or exacerbation of her preexisting conditions.

64. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants, jointly and severally.

65. The above are just some examples of the discriminatory, hostile, and retaliatory environment to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (AGAINST DEFENDANT "DURAMERICA")

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) *[Section 703]* provides that it shall be an unlawful employment practice for an employer:

(a) Employer practices It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

68. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff on the basis of her sex/gender, together with creating a hostile

work environment based on the same.

69. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(AGAINST DEFENDANT "DURAMERICA")**

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) *[Section 704]* provides that it shall be unlawful employment practice for an employer:

"(1) to …discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

73. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**(AGAINST DEFENDANT "DURAMERICA")**

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990

(Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

77. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such an individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

78. Defendants violated the section cited herein by failing to accommodate Plaintiff's request for a reasonable accommodation, as well as creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against Plaintiff because of her disability.

79. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE AMERICANS WITH DISABILITIES ACT
(AGAINST DEFENDANT "DURAMERICA")**

81. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

83. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner

in an investigation, proceeding, or hearing under this chapter."

84. Defendants engaged in unlawful employment practice prohibited by the above statute, by retaliating against Plaintiff with respect to the terms, conditions or privileges of her employment because of her opposition to the unlawful employment practices of Defendants.

85. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<b><u>AS A FIFTH CAUSE OF ACTION<br>FOR DISCRIMINATION UNDER<br>NEW YORK STATE LAW<br>(AGAINST ALL DEFENDANTS)</u></b>

86. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

88. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability, sex/gender, and subjecting Plaintiff to a hostile work environment.

89. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION
FOR RETALIATION UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

91.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92.     New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

93.     Defendants engaged in an unlawful discriminatory practice by retaliating, suspending, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

94.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

95.     Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

96.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

97.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

98.    New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

99.    Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

100.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (AGAINST ALL DEFENDANTS)

101.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

102.   § 2612 of the FMLA states in pertinent part:

(a) In general (1) Entitlement to leave; Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter. (B) Because of the placement of a son or daughter with the employee for adoption or foster care. (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition. (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

103.   Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the FMLA.

104.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION**
**RETALIATION & INTERFERENCE UNDER THE**
**FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.**

105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

106. § 2615 of the Act states as follows: Prohibited acts s (a) Interference with rights (1) Exercise of rights It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

107. Defendants interfered with Plaintiff's rights under the above section and discriminated against Plaintiff and discharged plaintiff from her employment for opposing Defendant's unlawful employment practice and attempting to exercise her rights.

108. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the FMLA.

109. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

110. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

111. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or

to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

112. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's sex/gender and disability, together with subjecting Plaintiff to a hostile work environment based on the same.

113. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

114. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<strong><u>AS AN ELEVENTH CAUSE OF ACTION<br>FOR RETALIATION UNDER<br>THE NEW YORK CITY ADMINISTRATIVE CODE<br>(AGAINST ALL DEFENDANTS)</u></strong>

115. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

116. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer, . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter."

117. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

118. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

119. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TWELFTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

120. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

121. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

122. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

123. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

124. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRTEENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

125. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

126. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

127. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTEENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

128. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

129. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

130. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:	New York, New York
	July 27, 2020

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

Zack Holzberg, Esq.
One Penn Plaza, Suite 4905
New York, NY 10119
(212) 587-0760