USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 3/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

KRINA DOURAMANIS,

Plaintiff,

-against-

DUR-AMERICA BROKERAGE INC., and GEORGE DOURAMANIS, individually,

Defendants.

--------------------------------------------------------- X

DUR-AMERICA BROKERAGE INC. and GEORGE DOURAMANIS,

Defendants-Counterclaimants,

-against-

KRINA DOURAMANIS,

Counterclaim Defendant,

DUROGUARD CORPORATION,

Additional Counterclaim Defendant.

--------------------------------------------------------- X

20-cv-5825 (VSB)

**OPINION & ORDER**

Appearances:

Zachary Ian Holzberg
Derek Smith Law Group, PLLC
New York, NY
*Counsel for Plaintiff*

Michael A. Miranda
Allyson Nicole Brown
Miranda Sambursky Slone Sklarin Vervenioits, LLP
Mineola, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure Rule 15. (Doc. 22.) Because I find that Plaintiff's proposed amendment is futile, the motion for leave is DENIED.

## I. Factual Background and Procedural History

On July 27, 2020, Plaintiff Krina Douramanis ("Plaintiff") commenced this action with the filing of the complaint. (Doc. 1.) Plaintiff brings claims for employment discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*; the New York State Human Rights Law ("NYSHRL"), Executive Law of the State of New York, § 296 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York, § 8-101 *et seq.* (*Id.*) On October 21, 2020, Defendants Dur-America Brokerage, Inc. ("Dur-America") and George Douramanis filed an answer to the complaint, alleging seven counterclaims against Plaintiff and Counterclaim Defendant Duroguard Corp. ("Duroguard," and together with Plaintiff, "Counterclaim Defendants"), which was previously not a party to the lawsuit. (Doc. 11.) On November 19, 2020, I signed a joint stipulation extending the Counterclaim Defendants' deadline to answer or otherwise respond to Defendants' counterclaims until December 4, 2020. (Doc. 15.) On December 4, 2020, Plaintiff filed an amended complaint without seeking leave or obtaining Defendants' written consent. (Doc. 16.) On December 10, 2020, I denied Plaintiff's request that I deem the amended complaint as timely and properly filed, instead directing Counterclaim Defendants to answer or otherwise respond to the counterclaims in a standalone filing and

directing Plaintiff to seek leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). (Doc. 20.) On December 17, 2020, Counterclaim Defendants submitted their answer to Defendants' counterclaims. (Doc. 21.) On that same day, Plaintiff submitted a motion for leave to file an amended complaint. (Doc. 22.) Defendants submitted a memorandum of law in opposition to Plaintiff's motion for leave on January 11, 2021. (Doc. 25.) Plaintiff failed to file a reply memorandum of law in support of her motion for leave by the deadline. (*See* Doc. 23.)

## II. <u>Legal Standard</u>

"In all other cases [than amendments as a matter of course], a party may amend its [complaint] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. N.Y.C.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). The "nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment." *Amusement Indus. v. Stern*, No. 07 Civ. 11586(LAK)(GWG), 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted). Absent a showing of bad faith or undue prejudice, however, "[m]ere delay . . . does not provide a basis for the district court to deny the right to amend." *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). In determining whether the nonmovant is prejudiced, courts "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

## III. Discussion

Plaintiff's amended complaint is identical to her initial complaint, save for three paragraphs. (*See* Doc. 22-1 at ¶¶ 56–58.) In the first added paragraph, Plaintiff notes that she filed suit against Defendants in this case on July 27, 2020. (*Id.* ¶ 56.) Plaintiff then alleges that, in their answer, "Defendants filed seven (7) frivolous counterclaims" that Plaintiff alleges "are clearly retaliatory and were filed as an instrument to dissuade Plaintiff from pursuing her claims." (*Id.* ¶ 57.) In the final added paragraph, Plaintiff argues that the filing of counterclaims itself "can constitute actionable retaliation if they are filed against an employee in response to the employee asserting statutory workplace rights." (*Id.* ¶ 58) (collecting cases). Together, these added allegations appear to be designed to bolster—and/or provide another basis to rule in Plaintiff's favor on—her retaliation claims against Defendants.

"A proposed amended pleading is futile when it fails to state a claim." *Ouedraogo v. A-1 Int'l. Courier Serv., Inc.*, No. 12 Civ. 5651(AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013). "If the proposed amendment cannot survive a 12(b)(6) motion to dismiss, a court may properly deny it." *Fei v. WestLB AG*, No. 07CV8785(HB)(FM), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008); *see also id.* ("The proper standard for evaluating Defendant's opposition to the proposed amendment, on the ground that it would be futile, requires the Court to examine whether Plaintiff's proposed retaliation claims could withstand a Rule 12(b)(6) motion to dismiss."); *Jones v. N.Y.S. Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999) (finding that "the proposed amendment was futile" because the "proposed amended complaint would be subject to immediate dismissal"); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04

Civ. 1514(PAC)(HBP), 2010 WL 445192, at *4 (S.D.N.Y. Feb. 8, 2010) (adopting the plausibility pleading standard to determine if amended claim is futile).

As the Supreme Court has made clear, when evaluating a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," cannot satisfy the plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While I make no judgment on the merits of Plaintiff's retaliation claims as pled in her initial complaint, Plaintiff's amendment is futile because it provides only conclusory allegations that Defendants' filing of their counterclaims in this action constitutes unlawful retaliation. With her new allegations, Plaintiff merely asserts several legal conclusions—*i.e.*, that Defendants counterclaims are "frivolous," "clearly retaliatory," and designed to "dissuade Plaintiff from pursuing her claims," (Doc. 22-1 at ¶¶ 56–58)—without setting forth any factual allegations to support those conclusions. Because Plaintiff's amendment lacks any factual allegations supporting her assertion that Defendants' counterclaims are frivolous and retaliatory, the amendment would not satisfy a Rule 12(b)(6) motion to dismiss and is thus futile.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is DENIED. The Clerk is directed to close the open motion at Document 22.

SO ORDERED.

Dated: March 15, 2021
New York, New York

Vernon S. Broderick
United States District Judge