UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KRINA DOURAMANIS,

                      Plaintiff,

      -against-

DUR-AMERICA BROKERAGE INC., and
GEORGE DOURAMANIS, individually,

                      Defendants.
------------------------------------------------------------------x
DUR-AMERICA BROKERAGE INC. and
GEORGE DOURAMANIS,

                      Defendants-Counterclaimants,

      -against-

KRINA DOURAMANIS,

                      Counterclaim Defendant.

DUROGUARD CORPORATION,

                      Additional Counterclaim Defendant.
------------------------------------------------------------------x

Docket No.: 20-CV-5825 (DLC)

## **CONFIDENTIALITY STIPULATION AND ORDER**

**WHEREAS**, Plaintiff and Defendants recognize that some of the information sought in discovery or contained in the documents being sought in discovery to be of a confidential nature, including, but not limited to, Defendants' current and/or former employees' employment records, medical or financial information regarding Plaintiff and/or Defendants, non-parties, current and former employees of Defendants and information regarding Defendants' clients

qualifies as proprietary; and

**WHEREAS,** Plaintiff and Defendants desire to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of the confidentiality of material deemed worthy of protection,

**IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned, the attorneys for Plaintiff, and the attorneys for Defendants, that:

1. This Stipulation governs the handling of all information contained in documents, answers to interrogatories, responses to requests for admissions, deposition testimony, deposition exhibits, and other written, recorded or graphic matter including information and data produced in electronic form ("Discovery Materials") produced by or obtained by Plaintiff and/or Defendants during the proceedings in this action that are designated as "Confidential" pursuant to Paragraph 4 hereof. Due to the timing of this Stipulation and Order, it is expressly agreed that this Stipulation and Order applies *nunc pro tunc* to any and all prior Discovery Materials produced by and between the parties and that any party can so deem these *nunc pro tunc* Discovery Materials confidential under this agreement within a reasonable time of the execution of this document.

2. Nothing contained herein shall be deemed a waiver of any objection concerning the confidentiality of any document(s) or information requested by either Plaintiff or Defendants in a discovery request.

3. All Discovery Materials produced in this action by Plaintiff and/or Defendants ("Producing Party") shall be used by the non-producing party solely for the purpose of this litigation and not for any business or other purpose whatsoever.

4. Plaintiff and/or Defendants may designate as confidential any Discovery

2

Materials produced by it or its employees, experts or agents in this action which contain its medical, financial, or other confidential or sensitive information, or personal information about Plaintiff or Defendants or persons who are not parties to this action or students, by stamping the document "Confidential" and shall advise in writing which Discovery Materials being produced are confidential ("Confidential Materials"). All electronic discovery, personnel files, personnel records, client documents and/or information, and proprietary information produced by the Defendants may be deemed "Confidential Materials".

5. Plaintiff and/or Defendants may designate a deposition transcript or any portion thereof as Confidential Materials either by requesting on the record that the transcript be so designated, and by notifying the other parties in writing within ten (10) days of receiving the deposition transcript that it is so designating the transcript or any portion thereof. All deposition transcripts shall be treated as Confidential for ten (10) days following the receipt of the transcript to afford the parties the opportunity to designate the transcript or portions thereof as Confidential Materials.

6. Plaintiff and Defendants may notify a Producing Party in writing within ten (10) days after receipt of Discovery Materials produced to it by the Producing Party that the recipient considers all or part of such Discovery Materials to be Confidential Materials. Such Producing Party must respond to such recipient's request within ten (10) days of receipt of such request. If the Producing Party does not agree to the recipient's request, the parties then shall attempt in good faith to resolve the dispute concerning the appropriateness of the Confidential designation prior to seeking the Court's assistance.

7. Confidential Materials shall not include Discovery Materials in the public domain, or identical copies of Discovery Materials otherwise in the possession of the non-producing party.

8. Plaintiff and Defendants may challenge the designation of Discovery Material as Confidential pursuant to Paragraphs 4 and 5 herein by advising the other party that it does not accept the designation of such Discovery Material as Confidential within ten (10) days of such designation. The parties then shall attempt in good faith to resolve the dispute concerning the appropriateness of the Confidential designation prior to seeking the Court's assistance.

9. If Plaintiff and Defendants cannot resolve a dispute concerning the appropriateness of a Confidential Materials designation pursuant to Paragraphs 4 and 5 herein, the party that designated the Discovery Materials at issue as Confidential shall bear the burden of moving for a protective order. Such a motion must be served within ten (10) business days after Plaintiff and Defendants agree that they are unable to resolve the issue informally. If Plaintiff and Defendants cannot resolve a dispute concerning the appropriateness of a Confidential Materials request pursuant to Paragraph 6 herein, the recipient shall bear the burden of moving to compel the Confidential Materials designation.

10. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall therefroth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

11. All Confidential Materials referred to herein will be produced to the non-producing party subject to the terms of this Stipulation and Order and in accordance with applicable Federal Rules of Civil Procedure, Local Rules for the Southern District of New York, and any applicable rules of Judge Denise L. Cote, and/or any other Judge of whom this

4

matter becomes the jurisdiction of.

12. All Confidential Materials covered by this Stipulation and Order shall be used solely for purposes of this litigation and shall not be given, shown, made available, communicated, used or otherwise disclosed for any personal, business, academic or any other purpose.

13. All Confidential Materials covered by this Stipulation and Order and the contents thereof shall not be given, shown, made available, communicated, used or otherwise disclosed to anyone other than the Court, the undersigned counsel for the parties to this action, paralegal, stenographic and clerical personnel of such counsel, experts specifically retained by the parties for purposes relating to this litigation, parties and officers and employees of the parties in this action, witnesses and potential witnesses, except: (a) with prior written approval of the Producing Party or its attorneys: or (b) upon further order of the Court and after notice to all parties. This restriction shall not apply to the Producing Party, who may use the material for any business or other purpose.

14. Disclosure to the individuals authorized pursuant to Paragraph 13 of this Stipulation and Order shall be made only as necessary for the pursuit of this action and, with the exception of the Court, only after the person to whom the disclosure is to be made has been informed of and agrees to be bound by the terms of this Stipulation and Order. Prior to any disclosure of Confidential Materials to experts, witnesses and/or potential witnesses pursuant to Paragraph 12 above, each expert, witness or potential witness to whom disclosure is to be made, shall sign a statement that he or she has read a copy of this Stipulation and Order of Confidentiality and agrees to be bound by its provisions.

14. No person to whom Confidential Materials are disclosed shall disclose such materials or the contents of such materials to any person to whom disclosure is not authorized

5

by the terms hereof.

15. There shall be no reproduction or duplication whatsoever of the Confidential Information, except that which is required in defense or pursuit of this case, preparation for trial, trial, post-trial motions or any appeals; copies, excerpts or summaries may only be shown or given to those authorized to receive such information pursuant to this Stipulation and Order.

16. Nothing contained herein shall be deemed to preclude the Producing Party from seeking additional protection with respect to confidential, privileged or work-product material, or for any other reason from making any objection during the pendency of this action with respect to the introduction of any document, information or testimony into evidence or with respect to whether such document, information or testimony is relevant or material.

17. Prior to the trial of this matter, counsel for Plaintiff and Defendants shall seek to reach an agreement on the handling at trial of the Confidential Materials covered by this Stipulation and Order so as to provide protection against public disclosure without in any way infringing on the rights of Plaintiff and Defendants to present any evidence they deem necessary at such trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

18. Neither anything contained in this Stipulation and Order nor production of any Confidential Materials subject to the terms of this Stipulation and Order shall be deemed or asserted to determine or affect in any way the admissibility of any document, testimony or other evidence at any proceeding in the action, or to constitute a waiver of any objection concerning the admissibility of the Confidential Materials.

19. Within thirty (30) days of the termination of this action, whether by settlement, entry of a judgment that has become non-appealable, by an order of dismissal, or otherwise, the non-producing party shall return to the Producing Party or its counsel all documentary

6

material containing Confidential Information, including all originals, copies, excerpts or summaries thereof. In the alternative, the non-producing party may provide a sworn statement stating that the Confidential Information has been destroyed.

20. The provisions of this Stipulation and Order constitute an Order of this Court and violations of the provisions of this Stipulation and Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

21. The provisions of this Stipulation shall, absent written permission of the Producing Party or further Order of this Court, continue to be binding after the conclusion of this action.

22. The provisions of this Stipulation do not constitute a waiver of any applicable privileges or objections to production.

Dated: Mineola, New York
       October 18, 2021

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
One Penn Plaza, Suite 4905
New York, NY 10119

By: _____
       Zack Holzberg, Esq.

MIRANDA SLONE
SKLARIN VERVENIOTIS LLP
Attorneys for Defendants
240 Mineola Boulevard
Mineola, New York 11501

By: _____
       Michael A. Miranda, Esq.

SO ORDERED:

_____
JUDGE DENISE L. COTE

10/20/21

7