USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KRINA DOURAMANIS,

                Plaintiff,

      -against-

DUR-AMERICA BROKERAGE INC, and GEORGE DOURAMANIS,

                Defendants.
-----------------------------------------------------------------X

**ORDER**

**20-CV-5825 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    Before the Court is Defendants' letter motion to compel Plaintiff's deposition be conducted in person as noticed. (ECF No. 77.) Plaintiff's response requests that the deposition be taken remotely via Zoom because of a recent medical issue and concerns with childcare. (ECF No. 80.) Defendants' motion to compel in person deposition is DENIED.

    Plaintiff's medical issue and childcare concerns are sufficient to warrant a remote deposition. Conducting remote depositions is part of the new normal and presumptively valid under the Federal Rules. *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 579 (S.D.N.Y. 2020). Further, Defendants have not shown they would be prejudiced by taking depositions in person besides losing some ability to "assess her demeanor." On its own, this reason is insufficient to find a prejudice to Defendants. *See id.* (finding that although there may be marginal value in observing a witness in person, the purpose of a deposition is to gather information and commit a witness' testimony and that a transcript and video footage are effective for those purposes and not impacted by conducting an in person versus remote deposition).

Finally, Plaintiff has represented that she will be taking Defendants' depositions over Zoom, which provides Defendants with the same opportunity to sit for remote depositions. (ECF No. 80.)  It would not be just for the Court to deprive Plaintiff of the same benefits of remote depositions that Plaintiff has offered to Defendants.  *See, e.g.*, *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 2023 WL 1469030, at *1 (S.D.N.Y. Feb. 2, 2023); *PC-41 DOE v. Poly Prep Country Day Sch.*, 2022 WL 420619, at *2 (E.D.N.Y. Jan. 20, 2022).

Accordingly, Defendants' motion to compel an in-person deposition is denied, and the parties shall proceed with Plaintiff's video deposition.

**SO ORDERED.**

Dated: April 24, 2023
New York, New York

*[signature: Katharine H. Parker]*

KATHARINE H. PARKER
United States Magistrate Judge